BREvaed, J.
The decision of the District Court in this case, was, in my opinion, correct. The plaintiff’s claim was, as sheriff of Greenville district, for maintaining in jail, one Bruce, who was charged on a capias ad satisfaciendum, at the suit of the defendant; and to prove the length of Bruce’s confinement, an old sheet of paper was offered in evidence, on which was said to be written, in the handwriting of the gaoler, who was dead, an entry, or memorandum of the commitment and imprisonment of Bruce. This paper was rejected, on the ground that it did not appear to contain the original entry of the matter therein stated. The paper was properly rejected, I think, but not for the reason assigned. It is not necessary to inquire whether the plaintiff would have been' en. titled to recover, in case the length of Bruce’s imprisonment had been sufficiently proved: it is only necessary to decide, whether the paper in question ought to have gone to the jury in evidence ; because it was for the rejection of this evidence the plaintiff suffered a nonsuit, with leave to move here to set it aside, and claim a new trial. In my opinion, the paper would not have been evidence for the gaoler, if the action had been brought by him. The charge is not such an one as may be proved by the books of the party making it, even if the book of original entries should be produced, with every appearance of regularity. If it could not be evidence for the gaoler, I cannot conceive upon what principle it could be admissible evidence for the sheriff. The great objection is, that it was not the best evidence the nature of the case admitted *252 of. There is no reason for believing that the fact to be proved, if it were true, might not have been proved by higher evidence.
Bay, Geimise, and Nott, Js., concurred.